[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal pursuant to Conn. Gen. Stat. 4-183j from the suspension of the license for driving a motor vehicle while under the influence of intoxicating liquor.
On January 5, 1991, plaintiff, Roy R. Chicares, was arrested by Officer Richard Diana [the "arresting officer"] pursuant to Conn. Gen. Stat. 14-227a for operating a motor vehicle while under the influence of intoxicating liquor. (ROR, Item 5, Police Report). The plaintiff refused to submit to a breath test after his arrest (ROR, Item 5, Police Report). The consequences of not submitting to a breath test were explained to the plaintiff before he refused to submit to it. (ROR, Item 5, Police Report). The arresting officer, acting on behalf of the Commissioner of Motor Vehicles, revoked and took possession of plaintiff's operator's license and issued him a temporary driver's license (ROR, Item 5, Police Report; ROR, Item 1, Temporary License).
The Officer's DWI Arrest and Alcohol Test Refusal or Failure Report (Form A-44) shows that Sergeant Mele was "the person administering the oath" and the "witness to refusal." Officer Diana's signature is under the printed oath that he has "subscribed and sworn to before me." (ROR, Item 5, Police Report).
By notice dated January 15, 1991, the Commissioner of Motor Vehicles [the "Commissioner"] notified plaintiff that pursuant to14-227b of the Conn. Gen. Stat. his license to operate a motor vehicle would be suspended for six (6) months, effective February 9, 1991. (ROR, Item 2, Suspension Notice). The notice also informed plaintiff that he was entitled to a hearing prior to the CT Page 7512 suspension date. (ROR, Item 2, Suspension Notice). At plaintiff's request, a hearing was held on February 6, 1991, before Attorney Michael Ross [the "hearing officer"], at which plaintiff was represented by counsel. (ROR, Item 3, Notice of Hearing; ROB, Item 4, Transcript, p. 1). By decision dated February 8, 1991, the hearing officer set forth his finding of fact and conclusions of law, and ordered the suspension of plaintiff's license for six (6) months. (ROR, Item 6, Decision).
On March 28, 1991, plaintiff filed this appeal of the hearing officer's decision. On March 28, 1991, plaintiff also applied for a stay during the pendency of this appeal, which was denied on April 15, 1991. Plaintiff filed a brief on May 23, 1991 and the Commissioner filed a memorandum of law on June 18, 1991.
Section 4-183(j) of the UAPA sets forth the standard that the Superior Court applies in reviewing administrative agency decisions.
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse and discretion or clearly unwarranted exercise of discretion.
Conn. Gen. Stat. 4-183(j).
Under the implied consent law, a person whose driver's license has been suspended may request a hearing to contest the suspension. Conn. Gen. Stat. 14-227b(d) (1991). The hearing is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for. . .operating a motor vehicle while under the influence of intoxicating liquor. . .;
(2) was such person placed under arrest; CT Page 7513
 (3) did such person refuse to submit to such test [chemical alcohol] or analysis; and
 (4) was such person operating the motor vehicle.
Conn. Gen. Stat. 14-227b(f).
The plaintiff argues that the arresting officer's DWI Arrest and Alcohol Test Refusal or Failure Report (Form A-44) was improperly admitted into evidence at the hearing. At the hearing the plaintiff objected to the admission of the report on the grounds of hearsay; the hearing officer overruled the objection. (ROR, Item 4, Transcript, p. 4-5). The plaintiff asserts that the report does not comply with Conn. Gen. Stat. 14-227b(c) in that the form does not contain three endorsements. Plaintiff asserts that failure to obtain the third endorsement defeats the jurisdiction of the Commissioner to order the plaintiff's license to be suspended. Furthermore, the plaintiff maintains that admitting an improperly completed form into evidence violated the hearsay rule and therefore reliance upon the form was clearly erroneous.
The Commissioner asserts that there is no merit to the plaintiff's claim of error in that there is substantial evidence in the record to support the Commissioner's suspension decision. The Commissioner argues that the statute requires that the report be endorsed by a third person who witnessed the refusal, but does not require the endorsement of three separate individuals. The Commissioner argues that there is nothing in the language of Conn. Gen. Stat. 14-227(c) that would bar the "third person who also witnessed" the refusal (i.e. Sergeant Mele) from taking the oath of the "police officer before whom such refusal was made" (i.e. Officer Diana). The Commissioner asserts that the plain language of the statute provides that any third person who witnessed the refusal shall endorse the report, not specifically a police officer.
Therefore, the Commissioner maintains that the police report (Form A-44) was properly admitted into evidence at the hearing.
Conn. Gen. Stat. 14-227b(c) states in pertinent part:
 The police officer shall prepare a written report of the incident. . .the report shall be made on a form approved by the commissioner of motor vehicles and shall be sworn to under penalty of false statement as provided in section 53a-157 by the police officer before whom such refusal was made or who administered or caused to be administered such test or analysis. If the person arrested refused to CT Page 7514 submit to such test or analysis, the report shall be endorsed by a third person who witnessed such refusal.
Conn. Gen. Stat. 14-227b(c) (1991).
"[T]he Supreme Court has stated: `[The] evident purpose [of subsection (c)] [14-227b(c)] is to provide sufficient indicia of reliability so that the report can be introduced in evidence as an exception to the hearsay rule, especially in license suspension proceedings, without the necessity of producing the arresting officer. Subsection (c) is analogous to other statutes that provide for the admissibility of documents certified by a proper official."' Lee v. DelPonte, 2 CTLR 371, 375 (September 20, 1990, Zoarski, J.) (quoting Volck v. Muzio, 204 Conn. 507, 518 (1987). See also Conn. Agencies Regs. 14-227b-19 (eff. Jan. 1, 1990) (arresting officer's report admissible if conforms to requirements of 14-227b(c)).
 It is clear that according to the regulations and the information provided on the "Temporary License" which is part of the record, the plaintiff was put on notice that if he wished to confront and cross-examine the arresting officer, he could have required his presence. Once he chose not to do so, the report was admissible, if it complied with Section 14-227b(c).
Pukalo v. State of Connecticut Commissioner of Motor Vehicles, 4 CTLR 277, 280 (June 13, 1991, Clifford, J.).
The report complied with 14-227b(c) and the plaintiff was on notice that if he wanted to confront and cross-examine the arresting officer he could require his presence at the hearing. Accordingly, the report was admissible.
In Volck, the Supreme Court said that compliance with the procedures in subsection (c) is not a prerequisite to suspension of a driver's license. Volck, 204 Conn. at 517-18. Additionally, the hearing officer overruled the plaintiff's evidentiary objections to the introduction of the reports. (ROR, Item 4, Transcript, p. 4). The hearing officer specifically stated:
 I'm going to overrule you on both grounds. The first ground as to hearsay is covered by the regulation [Conn. Reg. 14-227b-19] allowing the introduction of these reports without a witness to substantiate them, in person, anyway. . . . At this point, I'm willing to accept the witness and the notary being the same person, . . . .
(ROR, Item 4, Transcript, p. 5).
"`The restriction of the license suspension hearing on the four issues contained in subsection (d) [now contained in subsection (f)] indicates that compliance with subsection (c) was not intended to be a prerequisite for suspension."' Lee v. DelPonte, 2 CTLR 371, 374 (September 20, 1990, Zoarski, J.) (quoting Volck v. Muzio, 204 Conn. 507, 517 (1987).
The face of the report shows the "person administering oath," to be a Sergeant Mele. Below his signature is the printed statement that Officer Diana has "subscribed and sworn to before me." The police report complies with the requirements of Conn. Gen. Stat. 14-227b(c) and was properly sworn to by a person who has the authority to administer oaths. See Pukalo v. State of Connecticut Commissioner of Motor Vehicles, 4 CTLR 227 (June 12, 1991, Clifford, J.).
The hearing officer's decision to suspend the plaintiff's license was based on reliable substantial evidence. Strict compliance with Conn. Gen. Stat. 14-227b(c) is not necessary to suspend a license.
The appeal is dismissed.
DONALD W. CELOTTO, JUDGE CT Page 7515